IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JOE  HOLT, #240 463,                              *

  Plaintiff,                                       *

    v.                                         *           2:11-CV-722-TMH
                                                                              (WO)
SGT. BURKS, *et al.*,                             *

  Defendants.                                   *

_____

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On September 6, 2011, Plaintiff, a state inmate incarcerated at the Bullock Correctional Facility located in Union Springs, Alabama, filed an application for leave to proceed *in forma pauperis. See* 28 U.S.C. § 1915(a).  Pursuant to 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

## I. DISCUSSION

The undersigned takes judicial notice of federal court records[2] which establish that Plaintiff, while incarcerated or detained, has had on at least three occasions civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Holt v. Baker, et al.*, Civil Action No. 7:07-CV-33-LSC (N.D. Ala. 2007) (complaint and appeal frivolous); (2) *Holt v. Limestone County Sheriff's Dept., et al.*, Civil Action No. 2:08-CV-1364-RDP (N.D. Ala. 2008) (complaint frivolous); (3) *Holt v. Glenn*, Civil Action No. 2:08-1393-WMA (N.D. Ala. 2009) (complaint frivolous); (4) *Holt v. Valls, et al.*, Civil Action No. 2:08-1483-KOB (N.D. Ala. 2008) (complaint and appeal frivolous).

In the instant action, Plaintiff complains that while he was incarcerated at the Elmore Correctional Facility Defendant, Burks subjected him to excessive force on June 30, 2011, and that the remaining defendants failed to protect him from the assault and/or conspired to cover up the assault by failing to report it.  Plaintiff maintains that Defendant Burks' conduct caused him "serious physical injury and imminent danger."   (*Doc. No. 1*.)

 "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.,* 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (citing *Martin*

---

[2]*Available at http://pcl.uscourts.gov/.*

*v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient."  *Id*. (citing *Martin, supra,* and *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th  Cir. 1998) (internal quotations omitted).  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."*Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)

The court has carefully reviewed the claims presented in the instant action.  Even construing all allegations in favor of Plaintiff, his claims do not entitle him to avoid the bar of § 1915(g) because they do not allege nor in any way indicate that he was " under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3rd Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

Based on the foregoing, the court concludes that Plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of

action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## II.  CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on September 6, 2011 (*Doc. No. 3*) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **September 28, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of September, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF  UNITED  STATES  MAGISTRATE  JUDGE